**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 24-288** |
| **PHILIP C. PULLEY** | : | |

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

### I.     INTRODUCTION

Defendant Philip C. Pulley is charged in an Information with one count of voter registration fraud, in violation of 52 U.S.C. § 10307(c) (Count One), two counts of voting more than once in the same federal election, in violation of 52 U.S.C. § 10307(e) (Counts Three and Four), and two counts of voter fraud, in violation of 52 U.S.C. § 20511(2) (Counts Two and Five). Counts One and Two arise out of the defendant's submission of a fraudulent voter registration application in Philadelphia County, Pennsylvania, in February 2020. Counts Three and Four arise out of the defendant's submission of multiple ballots in elections for the same federal offices. Count Five arises out of the defendant's casting of a Philadelphia County ballot in the 2022 general election, which included an election for United States Senator, that the defendant knew was based on false representations that he resided in Philadelphia County.

### II.     ENTRY OF GUILTY PLEA

The defendant intends to plead guilty to Counts One, Two, Four, and Five of the Information, pursuant to a written plea agreement with the government. If the defendant complies with all terms of the agreement, the government will move to dismiss Count Three at the time of sentencing. A copy of the plea agreement will be provided to the Court in advance of

the guilty plea hearing. An arraignment and change of plea hearing has been scheduled for

September 25, 2024, at 11 a.m.

## III.    ESSENTIAL ELEMENTS OF THE OFFENSES

### 52 U.S.C. § 10307(c) – Count One

To obtain a conviction for voter registration fraud in violation of 52 U.S.C. § 10307(c), the government would have to prove the following elements beyond a reasonable doubt:

(1) The defendant gave false information as to his name, address, or period of residence in a voting district;

(2) That he did so for the purpose of establishing his eligibility to register and to vote in a general, special, or primary election held solely or in part for the purpose of electing any candidate for the office of President, Vice President, presidential elector, Member of the United States Senate, or Member of the United States House of Representatives; and

(3) The defendant acted knowingly and willfully.

### 52 U.S.C. § 20511(2)(A) – Count Two

To obtain a conviction for voter fraud, in violation of 52 U.S.C. § 20511 (2)(A), the government would have to prove the following elements beyond a reasonable doubt:

(1) The defendant procured or submitted voter registration applications that were materially false, fictitious or fraudulent under Pennsylvania law;

(2) The defendant knew that the voter registration applications were materially false, fictitious or fraudulent;

(3) The voter registration applications were procured or submitted in any election for federal office; and

(4) The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Pennsylvania of a fair and impartially conducted election process.

### 52 U.S.C. § 10307(e) – Count Four

To obtain a conviction for voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e), the government would have to prove the following elements beyond a reasonable doubt:

(1) The defendant voted more than once for the same candidate or office;

(2) The defendant did so in a general, special, or primary election held solely or in part for the purpose of selecting or electing a candidate for the office of President, Vice President, presidential elector, Member of the United States Senate, or Member of the United States House of Representatives; and

(3) The defendant voted knowingly, willfully and expressly for the purpose of having the defendant's vote count more than once.

### 52 U.S.C. § 20511(2)(B) – Count Five

To obtain a conviction for voter fraud, in violation of 52 U.S.C. § 20511 (2)(B), the government would have to prove the following elements beyond a reasonable doubt:

(1) The defendant procured, cast, or tabulated a ballot that was materially false, fictitious or fraudulent under the laws of Pennsylvania;

(2) The defendant knew the ballot was materially false, fictitious or fraudulent;

(3) The ballot was cast in any election for federal office; and

(4) The defendant knowingly and willfully deprived, defrauded or attempted to deprive or defraud the residents of Pennsylvania of a fair and impartially conducted election process


## IV.    MAXIMUM PENALTIES

The defendant could be sentenced to the following statutory maximum sentences: Count 1 (voter registration fraud), 5 years' imprisonment, a 3-year period of supervised release, a $10,000 fine, and a $100 special assessment; Counts 2 and 5 (voter fraud), 5 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special

assessment on each count; Count 4 (voting more than once in a federal election), 5 years' imprisonment, a 3-year period of supervised release, a $10,000 fine, and a $100 special assessment on each count.

In total, therefore, the defendant could be sentenced to 20 years' imprisonment, 3 years' supervised release, a $520,000 fine, and a $400 statutory assessment.

## V. FACTUAL BASIS FOR THE PLEA

If the case were to proceed to trial, the government would introduce competent evidence which would establish the following:

At all times relevant to this case, defendant Philip C. Pulley was a United States citizen residing in Huntingdon Valley, in Montgomery County, in the Eastern District of Pennsylvania. Since about 1996, Pulley was registered to vote in Montgomery County, Pennsylvania, and from 2005 through 2023, he had a history of voting using his Huntingdon Valley address.

On or about August 1, 2018, while maintaining his home address and voter registration in Montgomery County, Pennsylvania, Pulley also registered to vote in Broward County, Florida, using as his home address an address in Lighthouse Point, Florida. Pulley then cast votes in Broward County, Florida, on or about November 6, 2018, and on or about March 17, 2020.

On or about February 10, 2020, while maintaining his home address and voter registration in Montgomery County, Pennsylvania, and his voter registration in Broward County, Florida, Pulley also completed a voter registration application to vote in Philadelphia County, Pennsylvania. On his Philadelphia County voter registration form, Pulley provided false information about his address, his previous address, and his social security number. Specifically, Pulley falsely and intentionally stated that he resided in a Philadelphia apartment, intentionally

gave a false prior address, and intentionally provided false information about the last four digits of his social security number.

On or about October 22, 2020, defendant Pulley applied for a mail-in ballot to vote in Philadelphia County in the 2020 general election, which included the race for President and Vice President of the United States. This application was denied, but Pulley nonetheless cast two other ballots in the 2020 general election. Prior to November 3, 2020, Pulley applied for and submitted an absentee ballot in Broward County, Florida. Then, on November 3, 2020, Pulley voted in-person at the polls in Montgomery County, Pennsylvania, in the 2020 general election.

On or about November 3, 2022, Pulley voted early in Broward County, Florida, in the 2022 general election. Five days later, on November 8, 2022, Pulley flew from Fort Lauderdale, Florida, to Philadelphia, Pennsylvania, and voted in-person at two different polling locations in the Eastern District of Pennsylvania: one in Montgomery County and one in Philadelphia County. The office of United States Senator for Pennsylvania was on the ballots Pulley cast at both of those polling places. The defendant voted twice for the office of Governor of Pennsylvania, once on the ballot he cast in Montgomery County, and once on the ballot he cast in Philadelphia County. Pulley knew he did not live in Philadelphia County at the time he cast his ballot in the 2022 general election in Philadelphia County.

In addition to falsely registering to vote in Philadelphia County in 2020 and fraudulently voting in Philadelphia County in the 2022 general election, the defendant cast fraudulent votes in Philadelphia County in the 2021 general municipal election and 2023 general municipal election while also casting votes in those elections in Montgomery County. The defendant also attempted

to cast fraudulent votes in Philadelphia County during the 2020 general election, 2021 party

primary election, and 2023 party primary election.

Respectfully submitted,
JACQUELINE C. ROMERO
United States Attorney


*/s/ Mark B. Dubnoff*
MARK B. DUBNOFF
NANCY E. POTTS
Assistant United States Attorneys

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that a true and correct copy of the foregoing Government's

Change of Plea Memorandum was served by email upon:

Brian McMonagle

Date: September 25, 2024　　　　　　　　*/s/ Mark B. Dubnoff*
　　　　　　　　　　　　　　　　　　　　MARK B. DUBNOFF